**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-11-2498-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Marshall Edwin Home, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motion to Dismiss Counts I through 3 in the Superseding Indictment. Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss. The Magistrate Judge recommends to the Court that the Motion to Dismiss should be denied. The Defendant filed an Objection to this Recommendation and the Government filed a Response.

**OBJECTIONS**

Defendant objects that the superceding indictment fails to allege that the debtor United States Corporation actually exists, such that the defense of legal impossibility is available to the Defendant. (Objection at 5.) Further, that because as a matter of law United States Corporation is a fiction, the charge of bankruptcy fraud is a legal impossibility. (Objection at 8.) Finally, Defendant objects that the

superceding indictment creates a legal impossibility if United States Corporation was in reality a government entity. (Objection at 10.)

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Defendant is charged with violations of 18 U.S.C. § 152(4) which provides: a person who knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney shall be fined under this title, imprisoned not more than 5 years, or both.

The Report and Recommendation explains, as follows:

> The charges against Defendant derive from a bankruptcy case in which Defendant initiated a Chapter 11 involuntary bankruptcy against an entity he identified as "U.S. Corp" and its "agents and/or instrumentalities." (Doc. 185-1). In the bankruptcy case, Defendant filed a number of proofs of claim on behalf of more than 70 alleged creditors against U.S. Corp. (Doc. 185-7). Defendant filed these claims and other motions in the bankruptcy case as part of an effort to avoid home foreclosures for the creditors. (*See* Doc. 185-3). Within a month of Defendant initiating the bankruptcy case, the bankruptcy court issued an order to show cause why the court should not limit Defendant's filings. (Doc. 185-5). After the show cause hearing, the bankruptcy court entered a written order dismissing the case because U.S. Corp. was not a person, defined as an "individual, partnership, and corporation" and even if it was a corporation, Defendant asserted it was the United States and governmental units cannot be involuntary debtors, except in limited circumstances not applicable. (Doc. 185-7). An

2

indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed.R.Crim.Proc. 7(c)(1). An indictment, sufficient on its face, cannot be challenged by arguing the allegations are not supported by adequate evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (internal citations and quotation omitted). The question before the Court is whether the Superseding Indictment sufficiently charges crimes against Defendant in Counts 1 through 3 when the debtor is identified as U.S. Corp. – an entity that is not real. "Legal impossibility exists when the intended acts would not constitute a crime under the applicable law. Factual impossibility refers to those situations in which, unknown to the defendant, the consummation of the intended criminal act is physically impossible." *United States v. McCormick*, 72 F.3d 1404, 1408 (9th Cir.1995).

(R&R at 2-3.)

Here, the Government alleges,

[T]he defendant filed an involuntary petition in bankruptcy against "U.S. Corp," which a reasonable jury could conclude was the United States. Second, the petition caused a bankruptcy case to be initiated (# 04:11-06731.) Thus, while that case was pending, "U.S. Corp" was a debtor in the bankruptcy court. Third, while that petition was pending, defendant filed false proofs of claims against the estate of the debtor in the bankruptcy case. These filings of the false claim are the crime delineated by § 152(4). Section 152(4) does not require proof of a loss; it is essentially a false statement charge. Thus, the fact that the bankruptcy case was ultimately dismissed and did not succeed, or even could not succeed, is irrelevant to whether § 152(4) was violated.

The defendant's reliance on the definition of "debtor" in Title 11, the Bankrupcty Code, is misplaced. The criminal statute at issue in this case, 18 U.S.C. § 152, has its own definition of "debtor," contained in 18 U.S.C. § 151. As previously stated, for purpose of the criminal statute, a "debtor" is defined simply as "a debtor concerning whom a petition has been filed under Title 11." 18 U.S.C. § 151. This definition does not included the word person, so *United States v. Havelock*, 664 F.3d 1284 (9th Cir. 2012) is not applicable to this caseThe defendant filed a petition against "U.S. Corp." It will be for the jury to decide whether in the defendant's mind, "U.S. Corp." was the United States government. As the Magistrate Judge noted, a pretrial motion to dismiss cannot challenge the sufficiency of the evidence.

(Doc. 211 at 6-7.)

After a de novo review of the record, the Court agrees with the Report and Recommendation, as follows:

> In the case before this Court, Defendant is charged with "knowingly and fraudulently" making false claims against a debtor. A jury could reasonably infer that Defendant knowingly and fraudulently made the false claims against a debtor because Defendant believed U.S. Corp. was a real entity and therefore it could be a debtor. This issue remains for the jury to determine. A motion to dismiss "cannot be used as a device for a summary trial of the evidence." *Jensen*, 93 F.3d at 669.

(R&R at 4.) In sum, the Defendant "should be treated in accordance with the facts as he supposed them to be." *United States v. Quijada*, 588 F.2d 1253, 1255 (9th Cir. 1978). Since *Quijada*, the Ninth Circuit has held that impossibility is not a defense to various charges. "Proof of what a defendant supposed the facts to be[...]must be established beyond a reasonable doubt" in a trial to a jury, not in a motion to dismiss the indictment. *Id.*

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 199) in its entirety. The Objections (Doc. 205) raised by the Defendant are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Dismiss Counts I - 3 of the Superceding Indictment (Doc. 184, 185) is **DENIED**.

DATED this 8th day of February, 2013.

David C. Bury
United States District Judge