**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) CR-11-2498-TUC-DCB |
| v. | ) |
| Marshall Edwin Home, | ) **ORDER** |
|     Defendant. | ) |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motion to Suppress. Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Suppress. The Magistrate Judge recommends to the Court that the Motion to Suppress should be denied. The Defendant filed an Objection to this Recommendation and the Government filed a Response.

**OBJECTIONS**

Defendant objects that the affidavit in support of the search warrant lacked facts reflecting that Defendant acted with criminal intent, because bankruptcy fraud is a specific intent crime. (Objection at 3.) Defendant further objects that the anonymous complainant's tip was uncorroborated and unverified such that a finding of probable cause is unsupported. (Objection at 5.) Finally, Defendant objects that the affiant improperly relied on information that was conclusory and

speculative. (Objection at 6.) Information concerning the following in the search warrant affidavit was faulty: sovereign citizen claim, warranty deed, bankruptcy fraud, false UCC claims, and the contract agreement.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

The basis for the Motion to Suppress was that the original finding of probable cause underlying the issuance of the search warrant was error. A court reviewing a magistrate judge's issuance of a search warrant must conclude a search warrant is "validly issued if there is a substantial basis for the magistrate's conclusion 'given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Tan Duc Nguyen*, 673 F.3d 1259, 1263 (9th Cir.2012) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "[T]his 'substantial basis' standard of review embodied the great deference that should be shown by reviewing courts to magistrates' probable cause determinations." *United States v. Seybold*, 726 F.2d 502, 503 (9th Cir.1984) (quoting *Gates*, 462 U.S. at 236). The Court must determine whether there was a substantial basis for the issuing Magistrate Judge to conclude probable cause existed for the search of Defendant's properties. "The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit." *United States v. Martinez*, 588 F.2d 1227, 1234

(9th Cir.1978). "An affidavit is sufficient if it establishes probable cause; that is, if the stated facts would reasonably allow a magistrate to believe that the evidence will be found in the stated location." *United States v. Taylor*, 716 F.2d 701, 705 (9th Cir.1983).

As to the affidavit in support of the search warrant, the Report and Recommendation (Doc. 198 at 2-4) explains:

> The nineteen page affidavit for the search warrant is replete with facts supporting probable cause. (Doc. 193-1, pp. 7-25). The affidavit states Defendant is suspected of bankruptcy fraud in addition to other crimes. (*Id*. at 8). Citing the website of Defendant's former business that he operated with his wife, the affidavit states Defendant allegedly filed false Uniform Commercial Code ("UCC") forms and it describes an alleged fraud scheme in which Defendant takes part ownership of clients' foreclosed properties and makes the properties part of his "overall bankruptcy liquidation." (*Id*. at 9). *Lis Pendens* actions and two UCC Financing Statements showed Defendant was, in fact, taking action on various properties in Arizona. (*Id*. at 9). The affidavit also described, in detail, Defendant and his wife's attempt to file a UCC Financing Statement on a property located in Wisconsin. (*Id*. at 9-10). The Wisconsin UCC Financing Statement also referenced Defendant's company. (*Id*. at 10).
>
> As described in the affidavit, the "bankruptcy liquidation" was an alleged false involuntary bankruptcy Defendant initiated against an entity identified as U.S. Corp. (*Id*. at 13-14). In the bankruptcy litigation, Defendant filed proofs of claims against U.S. Corp. totaling more than $2,500,000,000. (*Id*. at 13-14). The affidavit provided evidence that Defendant discussed the alleged fraud scheme with his wife's probation officer. While the probation officer was in their home, Defendant told her he had "saved" 50 homes from foreclosure and the probation officer saw evidence of a business being run in the home. (*Id*. at 11). Defendant told the probation officer that he believed mortgages were illegal and he had found a legal loophole to get people out of their mortgages. (*Id*. at 11).
>
> The affidavit also stated Defendant held himself out to be a sovereign citizen and made statements on his company's website including "law enforcement is a lie" and "do not let them take others' rights or yours will disappear also." (*Id*. at 11). Defendant also made statements about Congress's lack of constitutional authority to make laws. (*Id*. at 12).

> The affidavit further described Defendant registering the name "Federal National Mortgage Association" with the Arizona Secretary of State as a Trade Name. (*Id*. at 12). This is the official name of a government sponsored entity also known as "Fannie Mae." (*Id*. at 12). Defendant was not an authorized representative of Fannie Mae and did not have authority to convey property owned by the organization. (*Id*. at 12). As a purported representative, Defendant signed deeds purporting to convey properties. (*Id*. at 12-13).

Probable cause of criminal intent can be inferred from the fact that the Defendant: (1) filed false claims in bankruptcy court totaling hundreds of millions of dollars, and (2) transferred, without authority, title to property owned by others to an entity that he controlled. Twenty-four paragraphs in the affidavit provide information, mostly from public records and publicly available sources, that establish probable cause. The facts in the affidavit establish probable cause that the Defendant filed false claims in Bankruptcy Court and fraudulently transferred title to property from the true Fannie Mae to an entity controlled by him. In sum, the Court must consider the totality of all of the circumstances set forth in the affidavit. *Gates*, 462 U.S. at 238.

After a de novo review of the record before the Court, this Court agrees with the conclusion contained in the R&R:

> All of the evidence in the affidavit, when pieced together, shows probable cause that Defendant was engaging in criminal activity. Defendant is correct that some of the facts offered in the affidavit, when viewed singularly, are not evidence of criminal activity. It is the duty of the issuing magistrate judge, however, to view all the circumstances to make an informed determination of probable cause. *Gates*, 462 U.S. at 238. A review of the affidavit shows the issuing magistrate judge had a substantial basis for concluding the affidavit established probable cause. Further, whether the anonymous complainant's tip is verified need not be determined as the other facts offered in the affidavit provided the magistrate judge sufficient probable cause to issue the search warrant.

(Doc. 198 at 4.)

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 198) in its entirety. The Objections (Doc. 204) raised by the Defendant are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Suppress (Doc. 189) is **DENIED**.

DATED this 8th day of February, 2013.

David C. Bury
United States District Judge